# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RAY SMITH,

    Defendant.

Case No. 2:02-CR-00327-KJD-LRL
           2:10-CV-1074-KJD-LRL

**ORDER**

    Presently before the Court is Defendant's Motion to Vacate Sentence Under § 2255 (#48). Also before the Court is Defendant's Motion to Vacate an Absolute Void Judgment (#52). In addition to the substantive motions, Defendant has filed concurrent Motions to Proceed *in forma pauperis* (#47/49). Finally before the Court is Defendant's Motion for Certificate of Appealability (#53).

    As a matter of initial consideration, Defendant's substantive motions are nearly identical, asserting the frivolous argument that the Court lacked subject matter jurisdiction and "territorial jurisdiction." However, the motion docketed as a motion under 28 U.S.C. § 2255 and assigned a civil case number is actually directed as an appeal to the Ninth Circuit Court of Appeals. For that reason alone, the Court denies Defendant's Motion (#48). However, even if the Court considered the

motion on the merits, as it does the Motion to Vacate an Absolute Void Judgment (#52), the Court would still deny the motion as untimely and frivolous.

Pursuant to 28 U.S.C. § 2255, a prisoner may move the court to vacate, set aside, or correct a sentence if "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.

Defendant was found guilty of three counts by a jury verdict on September 10, 2002. He was sentenced on December 13, 2002 and Judgment was entered on December 19, 2002. He filed a Notice of Appeal and the Ninth Circuit Court of Appeals affirmed his conviction and sentence on December 8, 2003. Mandate then issued on December 11, 2003. Defendant did not appeal further, thus his appeal became final ninety days after entry of the court of appeals judgment, when the time for seeking certiorari review had expired. See United States v. Garcia, 210 F.3d 1058, 1059 (9th Cir. 2000), *accord* Clay v. United States, 537 U.S. 522 (2003).

Section 2255 imposes a one-year statute of limitations on a section 2255 motion. 28 U.S.C. § 2255(f). The limitations period begins to run from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Here, Defendant's conviction and sentence was affirmed on December 8, 2003. Therefore, Defendant's § 2255 had to be filed no later than March 8, 2004. However, he did not file the first motion until June 30, 2010. Therefore, his motions are untimely and are denied. Furthermore, the Court finds that the motions, files and records of the case conclusively show that Movant is entitled to no relief. See United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994)(quoting 28 U.S.C. § 2255). Further, Movant has failed to identify any "extraordinary circumstances beyond [his] control that made it impossible for [him] to file [his] motion within the appropriate time period." United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001).

Additionally, the Court finds that Defendant's § 2255 motions are without merit. In his motions for relief, Smith presents a single ground for relief: the United States did not have territorial jurisdiction over the action and underlying crime because it was committed in the State of Nevada.

Under 18 U.S.C. § 3231, federal district courts have exclusive original jurisdiction over "all offenses against the laws of the United States." Those offenses include the offenses with which the government charged Smith in its indictment. Accordingly, this court had subject matter jurisdiction in this case. See United States v. Williams, 341 U.S. 58 (1951); United States v. Studley, 783 F.2d 934, 937 (9th Cir. 1986). Likewise, this court had personal jurisdiction over Smith by virtue of Smith having been brought before it on a federal indictment charging a violation of federal law. See United States v. Rendon, 354 F.3d 1320, 1326 (11th Cir. 2003) (*citing* United States v. Alvarez–Machain, 504 U.S. 655, 659–70 (1992)); see also United States v. Lussier, 929 F.2d 25, 27 (1st Cir. 1991) ("It is well settled that a district court has personal jurisdiction over any party who appears before it, regardless of how his appearance was obtained."); United States v. Warren, 610 F.2d 680, 684 n. 8 (9th Cir. 1980) (same). Therefore, Smith's Motions (#48/52) are denied.

Furthermore, a filing fee is not required for filing section 2255 motions. Therefore, the Court denies those motions. Finally, Plaintiff's Motion for Certificate of Appealability (#53) references appeal of a section 2255 motion allegedly ruled on by the Court in 2004. The Court has no record of any proceeding or motion in 2004. Therefore, the motion is denied. To the extent that Plaintiff seeks a certificate of appealability on the present motions or the Motion for Retroactive Application of Sentencing Guidelines (#44), denied by the Court on July 8, 2010, the Court denies those requests as frivolous.

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Vacate Sentence Under § 2255 (#48) is **DENIED**;

IT IS FURTHER ORDERED that Defendant's Motion to Vacate an Absolute Void Judgment (#52) is **DENIED**;

IT IS FURTHER ORDERED that Defendant's Motions to Proceed *in forma pauperis* (#47/49) is **DENIED**;

IT IS FURTHER ORDERED that Defendant's Motion for Certificate of Appealability (#53) is **DENIED as frivolous**.

DATED this 4th day of April 2013.

_____
Kent J. Dawson
United States District Judge